ROBERT MORROW *vs.* PHILIP BRADY.

B. signed an agreement by which he guarantied the payment of M.'s rent, "so long as said M. shall occupy said premises : "
*Held,* that the word " occupy " denoted the whole period of tenancy.

DEFENDANT'S petition for a new trial.
The plaintiff sued on the following agreement of guaranty.

                                     " PROVIDENCE, *June* 29, 1876.

   " Whereas I, Robert Morrow, have this day let the house and store No. 61 Wickenden Street to John Morris, of Providence, for $42.50 per month.   Now, therefore, for and in consideration of the sum of one dollar, I, Philip Brady, of the city of Providence, do hereby agree to guaranty the payment of said rent, as long as said Morris shall occupy said premises.   Rent to be paid the 15th day of each and every month, commencing on the 15th of July next.                    PHILIP BRADY."

   Morris went into the store July 1st or 2d, and left July 22d, though the tenancy was not terminated by Morrow till January, 1877 ; Morris paid no rent and Brady received no money for his guaranty, and knew nothing of the default of Morris.   The defendant asked the presiding judge to charge the jury :

   1. That under the paper signed by Brady his liability to pay rent was only for so long as Morris actually occupied the premises.

2. That it was the duty of Morrow to notify Brady within a reasonable time of the default of Morris to pay rent, and that his failure to do so relieved Brady from the guaranty.

The judge refused these requests, and charged the jury that Brady's liability for rent continued so long as Morris remained the tenant of Morrow, and that, although it was the duty of Morrow to notify Brady within a reasonable time after Morris made default, yet his failure so to notify did not release Brady unless such failure subjected Brady to injury. To this charge the defendant excepted, and, after verdict for the plaintiff, presented his petition for a new trial, alleging error in the charge given.

*June* 28, 1878. PER CURIAM. We think the rulings were correct on both points. The object of the guaranty was to secure the payment of the rent. We ought, if we fairly can, to construe the guaranty so that it will accomplish this object. We so construe it, when we hold that the word "occupy" was used not simply in the narrower sense of actual or personal occupancy, but also in the larger sense of tenancy actually existing under the lease. Such use of the word is not uncommon. And that there was no error in the ruling on the second point, which the defendant can complain of, see 2 Parsons on Contracts, 29, and cases there cited.　　　　　　　　　*Petition dismissed.*

*John M. Brennan,* for plaintiff.

*Charles E. Gorman,* for defendant.

